BOWMAN *v.* LEWIS.

No. 10926.    FEBRUARY 21, 1936.

*H. A. Wilkinson* and *H. A. Wilkinson Jr.,* for plaintiff in error.
*R. R. Marlin* and *R. R. Jones,* contra.

BECK, Presiding Justice.    This suit for cancellation of notes which it is claimed were infected by usury, and for cancellation of a deed given to secure the payment of the notes, was brought by Mrs. Iva M. Lewis against S. D. Bowman.    The plaintiff alleged that on February 3, 1928, she borrowed from Bowman $1200, and gave him sixty notes of $28 each, payable monthly; that the aggregate amount of these notes was $1680; that $480 of this represented interest on the $1200 principal at 8 per cent. for the entire period of the loan, five years; that the principal and interest were added together, and the sixty notes for $28 each represented both principal and interest, it being stipulated in each note that the rate of interest was 8 per cent. from maturity; that the charge of full amount of interest at 8 per cent. as if for the full period of the loan, while the notes were made payable monthly, constituted usury; that the plaintiff had paid thirty-five of the notes, making a total of $980, and she tendered $220, which with the $980 paid would make the full amount of the principal which she borrowed; and because of the alleged usury she asked for cancellation of the remainder of the notes and of the security deed.

Bowman in his answer admitted that he received the sixty notes for $28 each; that they were secured by the deed; that the plaintiff paid thirty-five of these notes; and that she made the tender of $220; but he claimed that he loaned the plaintiff $1680, and denied that the transaction was usurious.    The issues formed by the pleadings and the evidence were tried; a verdict in favor of the plaintiff was returned; and judgment was entered that upon the payment of $220 the notes and security deed be canceled.

Bowman's motion for new trial on the general grounds was overruled, and he excepted.

The only question involved is whether or not the evidence authorized the verdict. There is no controversy as to the amount which Mrs. Lewis had paid, and no dispute of the fact that she had tendered the sum of $220. In other words, the question is, did she receive from Bowman $1200, as she contended, or $1680, as Bowman contended? After a careful consideration of the evidence, we can not reach any other conclusion than that the verdict returned was not authorized by the evidence, but that a verdict was demanded in favor of Bowman. If Mrs. Lewis received only the amount which she contends was the sum loaned her, then the contract was usurious; but if she received the amount that Bowman insists he loaned her, the contract was not usurious. Substantial portions of the evidence are as follows: Mrs. Lewis testified on direct examination: "I did not make application to S. D. Bowman to borrow any amount except $1200. At the time I signed the notes and security deed, S. D. Bowman did not pay me the money, but later my husband brought the checks to me from Bowman. At the time the checks were brought to me I did not pay any attention as to the amount of the checks, but indorsed them and gave them to my husband, to be deposited to my account in the Bank of Dawson, and $1200 is the amount which was deposited to my account in the Bank of Dawson from said checks, and $1200 represents the full amount of the loan I obtained from S. D. Bowman." On cross-examination she testified, in part, as follows: "I borrowed only $1200 from S. D. Bowman. I am positive that I only got $1200 on the checks which are signed by S. D. Bowman and payable to me. I indorsed the two checks which you hand me, both dated February 3, 1928, both drawn on the Bank of Dawson, both payable to me, and both signed by S. D. Bowman, one for the sum of $1080 and one for the sum of $600. The total amount of these checks represents the principal and interest charged by S. D. Bowman on the loan he made to me. $1200 was the principal amount of the loan, and $480 was the interest charged, making a total of $1680, corresponding with the total amount of the two checks. The checks do not represent the amount of money I obtained from S. D. Bowman on the notes and security deed which I gave him. I received only $1200 from the two checks, as my account at the Bank of Dawson will show. I did not pay S. D. Bowman the $480 out of said checks. My husband handled this part

of the transaction, and I know that my husband did not receive more than the $1200. My husband was operating a store in Dawson, Georgia, at the time I borrowed this money, and the money was borrowed by me for the purpose of helping my husband pay his creditors; and for this reason I know that $1200 is all that was received from S. D. Bowman."

Bowman introduced two checks, one for $1080, and one for $600, both marked paid by the Bank of Dawson, both payable to Mrs. Iva M. Lewis, and indorsed by Iva M. Lewis and A. A. Lewis, her husband. Bowman testified that Mrs. Lewis never talked to him personally about borrowing money from him, but that he agreed with Arch A. Lewis, her husband (deceased at the time of the trial), to let Mrs. Lewis have $1680 at 8 per cent. per annum, to be repaid in sixty monthly installments; and that he let Mrs. Lewis have the checks. On cross-examination he testified as follows: "I let Mrs. Iva M. Lewis have the full amount of $1680, the exact amount of the notes she signed; therefore there was no usury charged. There was no interest charged. I did not intend to make the loan without charging any interest, but I did make it without charging any interest. It was a mistake on my part; the notes were intended to bear interest at 8 per cent. from date. I did not ever call Mrs. Iva M. Lewis's attention to the error about the mistake as to the time the notes began bearing interest. I did not call Mrs. Iva M. Lewis's attention to the so-called error in the interest-bearing date of the notes, because I never had any discussion with Mrs. Lewis about this loan during the life time of her agent, Arch A. Lewis. I was requested to make the checks out in two checks, just as they were written."

C. D. Cocke, for the plaintiff, testified: "I was cashier of the Bank of Dawson during all the month of February, 1928, and for several years prior thereto. This paper is the original deposit slip showing a deposit made in the Bank of Dawson by Mrs. Iva M. Lewis on February 10, 1928, the items deposited being as follows: 'Check S. D. Bowman, $1080.00, Check S. D. Bowman, $120.00, Total, $1200.00. Received by C. D. Cocke.' As cashier of the Bank of Dawson, I received the above-described deposit, as itemized, of $1200, and credited to Mrs. Iva M. Lewis's account in the Bank of Dawson with the $1200. Mr. Arch A. Lewis brought the deposit to the Bank of Dawson." On cross-examination his

testimony was: "Check drawn on the Bank of Dawson, dated February 3, 1928, payable to Mrs. Iva M. Lewis, for the sum of $180, said check indorsed by Iva M. Lewis, and A. A. Lewis, signed by S. D. Bowman, said check stamped paid on February 11, 1928, by Bank of Dawson; also check drawn on the Bank of Dawson, dated February 3, 1928, payable to Iva M. Lewis or order, for the sum of $600, said check indorsed by Iva M. Lewis and A. A. Lewis, signed by S. D. Bowman, and marked paid on February 11, 1928, by the Bank of Dawson. They are the same two checks deposited in the Bank of Dawson on February 10, 1928, to the account of Mrs. Iva M. Lewis. It is likely that the deposit was not received at the bank until about closing time, and the deposit was received as made on February 10, 1928, and the checks carried over as cash and marked paid on February 11, 1928. A total of $1200 was credited to the account of Iva M. Lewis from two checks signed by S. D. Bowman."

The plaintiff tendered in evidence sixty notes, each dated February 3, 1928, the first being due on March 3, 1928, and one note maturing thereafter on the 3d day of each following month, each note payable to S. D. Bowman or order, each note for $28, each bearing interest from date of maturity at the rate of 8 per cent. per annum, and each note signed by Iva M. Lewis. The original deposit slip dated February 10, 1928, showing deposit made in the Bank of Dawson by Mrs. Iva M. Lewis, as follows: Check S. D. Bowman $1080, Check S. D. Bowman $120, Total, $1200.

The defendant tendered in evidence the following described two checks: One dated February 3, 1928, drawn on the Bank of Dawson, payable to the order of Mrs. Iva M. Lewis, for $1080, signed by S. D. Bowman, indorsed by Mrs. Iva M. Lewis and A. A. Lewis, said check marked paid by the Bank of Dawson, on February 11, 1928. One check dated February 3, 1928, payable to the order of Mrs. Iva M. Lewis, for $600, signed by S. D. Bowman, and indorsed by Iva M. Lewis, said check marked paid on February 11, 1928, by the Bank of Dawson.

It will be seen from the consideration of all this evidence that there are certain discrepancies in the testimony of the witness Cocke, who had been cashier of the Bank of Dawson. That testimony is quoted above. From his testimony on direct examination it would appear that the sum of $1200 was deposited in the

bank; but from his testimony on cross-examination it appears that the sum of $1680 was deposited; that is, he identified two checks aggregating $1680. And if the evidence had stopped there, the jury would have been authorized to find for the plaintiff, as the evidence would have been conflicting on the controlling question. But there follow two checks which were introduced in evidence, one for $1080, and one for $600, which were drawn by Bowman and indorsed by Mrs. Lewis; and that evidence must be held to be conclusive as against Mrs. Lewis, unless it is shown that these two checks had in some way been tampered with or changed as to amount; and if any change had been made, the burden was upon Mrs. Lewis to show that fact to the court. No attempt was made to show that any change had been made in the amount of the checks. And so the matter stands. And with these two checks, unimpeached, in evidence, a verdict for the defendant was demanded.

*Judgment reversed. All the Justices concur, except Russell, Chief Justice, who dissents.*